**WASHINGTON v. UNITED STATES.**
No. 11725.

United States Court of Appeals
District of Columbia Circuit.
Argued June 21, 1954.
Decided July 8, 1954.

Mr. William T. Hannan, Washington, D. C., appointed by this Court, for appellant. Mr. Kent D. Thorup, Washington, D. C., entered an appearance for appellant.

Mr. Harold H. Greene, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Messrs. Charles M. Irelan, U. S. Atty. at time record was filed and William R. Glendon and William J. Peck, Asst. U. S. Attys. at time record was filed, Washington, D. C., entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a narcotics case in which the accused was convicted. He took an appeal, and we appointed counsel to represent him in this court. Counsel urges here a single contention, namely, that appellant wished to make his defense in proper person at the trial, without any assistance from counsel, but that the District Court forced him to go to trial represented by counsel selected by the court. So stated, the contention is a serious one. See, e. g., Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; cf. Hawk v. Hann, D.C.Neb.1952, 103 F.Supp. 138, dismissed as moot, Hann v. Hawk, 8 Cir., 1953, 205 F.2d 839; Rex v. Yscuado, 6 Cox C.C. 386 (1854).

Our reading of the record, however, leads us to the conclusion that the question stated is not in actuality presented by this case. The accused is a cabdriver with three years of college education. An attorney was appointed for him by the District Court some weeks prior to the trial. At the opening of the trial the attorney advised the court that the accused did not wish the aid of counsel and had decided to present his own case. The court then addressed the defendant in the following terms:

"The Court: You have a right to defend yourself and the Court will permit you to do so. However, in the interest of the proper protection of your rights the Court will ask Mrs. Dwyer, who has been appointed counsel in your behalf, to remain here and be available to advise you in the protection of your rights."

Defendant replied, "I have no objection to that." During the trial the defendant made an opening statement, called and examined several witnesses, cross-examined others, and made his own argument to the jury. The court-appointed counsel conducted the cross-examination of the Government chemist and the direct examination of the accused. Counsel made objections and motions on behalf of the accused and participated in all bench conferences. The defendant was excluded from the bench conferences by the judge, who stated that the interests of other defendants in the case would be prejudiced if the accused were allowed to participate.

The record indicates not only that defendant's interests were protected but also that he cooperated with his counsel. In no way can he be said to have been "forced" into any decision of trial tactics.[1] From the whole record we conclude that appellant's rights were not violated.

For these reasons the judgment of the District Court will be

Affirmed.

1. In fact, the very first advice counsel gave appellant—to reserve his opening statement—was turned down.